# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CHERYL BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-272-C |
| | ) |
| 1. HUDIBURG AUTO GROUP, INC., | ) |
| | ) |
| 2. HUDIBURG CHEVROLET, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

### PARTIES

1. The Plaintiff is Cheryl Brown, an adult resident of Oklahoma County, Oklahoma.

2. The Defendants are Hudiburg Auto Group, Inc. ("Auto Group") and Hudiburg Chevrolet, LLC ("Chevrolet"), both domestic companies doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's causes of action are for race discrimination, including retaliation for complaining of race discrimination, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §1981, and Oklahoma's Anti-Discrimination Act. Jurisdiction over the federal claims are vested in this Court under 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them are vested under 28 U.S.C. § 1367(c).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the

Defendants may be served in that county. Oklahoma County is a county within the United States District Court for the Western District of Oklahoma, thus venue is proper in this Court.

## STATEMENT OF FACTS

5. Defendants, separately and/or jointly, employed more than fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years and is a covered employer under Title VII. There is no minimum employee requirement to be subject to Sec. 1981 or the OADA.

6. Plaintiff, an adult African American (black) female, worked for the Defendants from around 1995 until she was terminated around October 23, 2014.

7. At the time of her termination, the Plaintiff occupied the job title of Administrative Assistance.

8. The Plaintiff was qualified for her job and performed her job duties satisfactorily.

9. Several white employees made repeated racial remarks, including calling African Americans n*gg*rs, talking about "shooting n*gg*rs" and calling African Americans "black m*th*rf*ck*rs".

10. Around the middle of October, 2014 the Plaintiff complained to supervisors that she felt like white employees could get away with calling African Americans racially derogatory names and that she wanted the racial discrimination to stop. Plaintiff also observed Defendant terminating multiple African American employees, including what appeared to Plaintiff to be a pattern of targeting African American employees for discipline and/or termination. Plaintiff complained of the racial discrimination to Marla Martin (HR) and Quinn Alsup (New & Used Car Manager).

11. The Plaintiff was terminated around October 24, 2014.

12. The stated reason for Plaintiff's termination was that she did not have permission to purchase a vehicle from the Defendant for a certain price, however, this is untrue as Plaintiff had previously received permission from Mr. Alsup.

13. Even if Plaintiff did not have permission (which she did), the Defendants have not terminated white employees even though they have engaged in misconduct of equal or greater severity, such as engaging in unlawful drug use at the facility with the knowledge of supervisors.

13. Motivating reasons for the Plaintiff's termination was her race and/or her complaints of race discrimination.

14. As a direct result of the Plaintiff's termination she has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration and similar unpleasant emotions.

15. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination with the EEOC around June 12, 2015 for discrimination and retaliation. The EEOC issued a right to sue letter on December 30, 2015 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter. There is no exhaustion requirement under 42 U.S.C. § 1981.

16. Discrimination on the basis of race, including retaliation after Plaintiff complained of discrimination, violates Title VII, the OADA and 42 U.S.C. § 1981.

17. Under all statutes, Plaintiff is entitled to her wage loss (including back, present and

front pay along with the value of benefits associated with such wages).  Under Title VII and Sec. 1981 Plaintiff is further entitled to emotional distress and punitive damages.  Under the OADA Plaintiff is entitled to liquidated damages.

## **PRAYER**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered, punitive damages, together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 22nd DAY OF MARCH, 2016.**

    s/ Amber L. Hurst
    Mark Hammons, OBA No. 3784
    Amber L. Hurst, OBA No. 21231
    HAMMONS, GOWENS, HURST
    & ASSOCIATES
    325 Dean A. McGee Avenue
    Oklahoma City, Oklahoma 73102
    Telephone:  (405) 235-6100
    Facsimile:  (405) 235-6111
    Amberh@hammonslaw.com
    ATTORNEY'S LIEN CLAIMED
    JURY TRIAL DEMANDED
    *Counsel for Plaintiff*